

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:                    Attention:  Mr. L. J. Gittinger

Opinion No. O-1940
Re: Can Bexar County lawfully
pay the salaries of certain
inspectors and employees of
such county engaged for and
in behalf of public health
work during the time such
employees are absent from
Bexar County and engaged in
taking special training which
is designed to make them bet-
ter fitted to render service
in health work and is required
by regulations of the State
Health Officer?

Your request for an opinion on the above stated
question has been received by this department.

We want to thank you for the citation of author-
ities submitted with your inquiry, which has aided us in
passing upon your question.

We have been unable to find any cases where the
appellate courts have passed upon the question we have
here for consideration.

From Texas Jurisprudence, Vol. 11, page 564, we
quote as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John R. Shook, page 2

"Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law,--that is, by the constitution and statutes of the state."

We quote from Texas Jurisprudence, Vol. 34, page 535, as follows:

"Servants and employees may be engaged upon any terms of payment that may be acceptable to the parties to the contract of employment. There must, however, be authority for entering into the agreement. A contract appointing a person to perform certain services and to pay him a commission therefor, made by a state officer pursuant to an unconstitutional statute, is of no force, and the appointee is not entitled to the commission. Again, a county is not bound by a contract which has been made by the commissioners'court without authority; nor is it precluded from asserting that the contract is unlawful and recovering the money which has been paid thereunder. . . . ."

Section 53 of Article III of the Texas Constitution reads as follows:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

Honorable John R. Shook, page 3

Article 4418f, Vernon's Annotated Revised Civil Statutes of Texas, reads as follows:

"It shall be lawful for the State Department of Health to accept donations and contributions, to be expended in the interest of the public health and the enforcement of public health laws. The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County."

An officer is not entitled to any compensation in addition to that which has been fixed by law for the performance of the duties of his office, even though the compensation so fixed is unreasonable or inadequate. He may be required by law to perform specific services or discharge additional duties for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office, and the officer, by his acceptance thereof, is deemed to have been engaged to perform them without compensation. Texas Jurisprudence, Vol. 34, p. 531; McCalla vs. City of Rockdale, 246 S. W. 654; Terrell vs. King, 14 S. W. (2d) 786.

Statutes prescribing fees for public officers are strictly construed, and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary, and the other not, the latter construction should be adopted. See Texas Jurisprudence, Vol. 34, p. 508; Madden vs. Hardy, 50 S. W. 926; Eastland County vs. Hazel, 288 S. W. 518.

The same reasoning as indicated in the last two preceding paragraphs, where an officer may be required to perform specific services or discharge additional duties for which no compensation is provided or allowed, would apply to servants and employees who

Honorable John R. Shook, page 4

are required to perform specific services or discharge additional duties without compensation. Therefore, inspectors and employees of the county engaged in public health work could be required by the regulations of the State Health Officer to take special training which is designed to make them better qualified to render service in health work, where such training is required by regulations of the State Officer, without compensation.

We do not think that the terms of Article 4418f, supra, are broad enough to authorize the commissioners' court to pay the salaries of inspectors and employees of the county engaged in public health work while such inspectors or employees are absent from the county and perform no duties as such inspectors and employees while taking the special training as above mentioned.

In this connection we find no other authority that would authorize the commissioners' court to pay the salaries to such inspectors and employees while taking the special training indicated above.

Trusting that the foregoing fully answers your inquiry, we remain,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:LW

APPROVEDFEB 3, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _Blots_
CHAIRMAN